IN THE UNITED STATES DISTRICT FOR
THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BETTY MILLER, | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | Case No. 1:23-cv-335 |
| | § | |
| RATCLIFF SENIOR CARE, LLC D/B/A | § | |
| ORCHARD PARK AT KYLE | § | |
|     Defendant | § | |

## ORIGINAL COMPLAINT

Plaintiff BETTY MILLER brings this complaint against RATCLIFF SENIOR CARE, LLC D/B/A ORCHARD PARK AT KYLE, and would respectfully show the following.

## PARTIES

**1.1.** RATCLIFF SENIOR CARE, LLC D/B/A ORCHARD PARK AT KYLE is a limited liability company incorporated in Delaware with its principal office in Orlando, Florida.

**1.2.** Plaintiff BETTY MILLER resides in Ellis County, Texas.

## JURISDICTION, VENUE & SERVICE

**2.1.** This Federal District Court has jurisdiction because this action is brought pursuant to and in compliance with 28 U.S.C. §1332(a), which governs diversity

jurisdiction. The amount in controversy exceeds $75,000 and complete diversity exists amongst the parties.

**2.2.** Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**2.3.** RATCLIFF SENIOR CARE, LLC D/B/A ORCHARD PARK AT KYLE may be served with process by serving its registered agent, CT Corporation, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

## FACTS

**3.1.** This claim concerns substandard medical care provided by agents, servants, and/or employees of RATCLIFF SENIOR CARE, LLC D/B/A ORCHARD PARK AT KYLE ("Orchard Park")

**3.2.** In March of 2022, Betty Miller was a resident of the memory care unit at Orchard Park. She had previously been transferred to that unit after she exhibited wandering behavior while in the unrestricted assisted living area.

**3.3.** On March 21, 2022, shortly after midnight, a medtech observed Ms. Miller attempting to leave the unit. The medtech guided Ms. Miller back to the living room, and later observed Ms. Miller going to another resident's room.

**3.4.** Sometime later that morning, the staff discovered that Ms. Miller was missing. The incident report indicates that Ms. Miller's daughter was notified that Ms. Miller was missing at 5:00 a.m. However, staff at Orchard Park did not notify police until 6:19 a.m., over an hour later. Ms. Miller was eventually located in the gym of a nearby apartment complex at 6:38 a.m. Ms. Miller had a significant lump on her head, as well as bruising and

scabbing on her face and body. Based on statements made to the Department of Health & Human Services, the staff at Orchard Park posited that Ms. Miller had exited the kitchen door, "as the alarm did not sound."

**3.5.** Orchard Park and its agents, employees, and/or representatives breached the standard of care by: (1) having an exterior door to a memory care unit that was not alarmed; (2) allowing memory care residents access to a kitchen with an unalarmed exit; (3) failing to keep its residents safe; (4) failing to secure its memory care unit; and (5) failing to contact police in a timely manner upon discovering that one of its residents had eloped. Had the agents, employees and/or representatives of Orchard Park met the standard of care, Ms. Miller would not have been able to exit the unit alone, would not have been wandering outdoors alone for over an hour, and would not have been injured.

## CAUSE OF ACTION

**4.1.** Through its employees, agents, and/or representatives, Defendant, RATCLIFF SENIOR CARE, LLC D/B/A ORCHARD PARK AT KYLE, was negligent in one or more of the following respects:

4.1.1    having an exterior door to a memory care unit that was not alarmed;

4.1.2    allowing memory care residents access to a kitchen with an unalarmed exit;

4.1.3    failing to keep its residents safe;

4.1.4    failing to secure its memory care unit; and

4.1.5    failing to contact police in a timely manner upon discovering that one of its residents had eloped.

**4.2.** The negligence set forth above caused the injuries sustained by Plaintiff.

**DAMAGES**

**5.1.** As a proximate and direct result of the Defendant's negligent acts or omissions, Plaintiff suffered injuries, which would not have occurred otherwise. Plaintiff pleads for all damages available under Texas state law, federal law, and equity, including:

5.1.1. Physical pain;

5.1.2. Mental anguish; and

5.1.3. Medical care expenses;

**5.2.** Plaintiff further pleads for all other damages, pecuniary or otherwise, arising out of law or equity, that she may be justly and equitably entitled to, in the wisdom of the Court.

**PRAYER**

Plaintiff requests that Defendant be cited to appear and answer this Complaint; that upon final trial, Plaintiff have judgment against Defendant for the amount of actual damages and for other and different amounts as they shall show by proper amendment before trial; for pre- and post-judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other relief, at law and in equity, both general and special, to which Plaintiff may show herself entitled.

Respectfully submitted,

By: _____
     EUGENE W. BREES
     State Bar No. 02947500
     cbrees@nationaltriallaw.com
     MICHELLE M. CHENG
     State Bar No. 00796345
     mcheng@nationaltriallaw.com
     STEVEN HASPEL
     State Bar No. 24109981
     shaspel@nationaltriallaw.com
     WHITEHURST, HARKNESS, BREES, CHENG,
     ALSAFFAR, HIGGINBOTHAM & JACOB, PLLC
     1114 Lost Creek Blvd, Suite 410
     Austin, Texas 78746
     512/476-4346
     512/476-4400 Fax

     ATTORNEYS FOR PLAINTIFF